Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Willie Gates*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Willie Gates,<br><br>              Plaintiff,<br><br>vs.<br><br>Molina Healthcare, Inc., a Delaware corporation, Molina Clinical Services, LLC, a Delaware corporation,<br><br>              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff Willie Gates ("Plaintiff") in support of his Complaint against Defendants Molina Healthcare, Inc., and Molina Clinical Services, LLC (collectively referred to herein as "Defendants"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiff asserts claims against Defendants under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and 42 U.S.C. §1981 ("§1981"), for injuries resulting from Defendant's unlawful conduct, including but not limited to: (1) discriminating against Plaintiff because of his disability, race, national origin, and/or ancestry and (2) retaliation.

2.     Plaintiff seeks back pay, front pay, compensatory damages, punitive

damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

## PARTIES

3. Plaintiff has at all times relevant to this matter been a resident of Maricopa County, Arizona.

4. Defendant Molina Healthcare, Inc. has at all times relevant to this matter been a Delaware corporation doing business in Arizona and California, and an employer with over 500 employees.

5. Defendant Molina Clinical Services, LLC has at all times relevant to this matter been a Delaware corporation doing business in Arizona and California, and an employer with over 500 employees.

6. Upon information and belief, Molina Clinical Services is a subsidiary or affiliate of Molina Healthcare.

7. Upon information and belief, Defendants share common ownership and management during the relevant time period.

8. Upon information and belief, Defendants share human resources personnel and functions.

9. Upon information and belief, Defendants share in-house legal counsel.

10. Upon information and belief, Defendants share IT personnel and functions.

11. Upon information and belief, Defendants share computer systems and networks.

12. Upon information and belief, employees transfer between Defendants.

13. Upon information and belief, employees transfer between Defendants and other medical service providers affiliated with Molina Healthcare.

14. Defendant Metro Auto and Defendant BHA were part of a single integrated enterprise during the relevant time period.

15. Defendants were joint employers during the relevant time period.

16. During the relevant time period Plaintiff was jointly employed by

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

Defendants.

## JURISDICTION AND VENUE

17. This Court has personal and subject matter jurisdiction over the parties and issues in this Complain, pursuant to 28 U.S.C. §1331.

18. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona.

## FACTUAL BACKGROUND

19. Plaintiff, an African American male, has been a Licensed Practical Nurse since 2007.

20. Plaintiff began his employment with Defendants' predecessor, Magellan Complete Care ("MCC"), in January 20, 2020, as a Clinical Care Reviewer.

21. After he began his employment MCC began to experience harassment, less favorable treatment, and heightened scrutiny compared to similarly situated coworkers.

22. On or around July 2020 Plaintiff submitted a written complaint to Human Resources Office that he believed he was being subjected to harassment and discrimination by his Supervisor Leandra Cubbage (African-American) and Manager Kim Harshman (White/Caucasian) because of his race and/or sex.

23. On or around January 2021, Plaintiff began his employment with Defendants following Defendants' acquisition of MCC.

24. On or around February 15, 2021, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP"), which was also Ms. Cubbage's last day of employment with Defendants.

25. Within a day or so after being placed on the PIP, Plaintiff submitted a second written complaint to the Human Resources Office stating his belief that he was being retaliated against by being placed on a PIP on Ms. Cubbage's last day of employment with Defendants.

26. Plaintiff's second complaint was based in part on his belief that he was being

subjected to less favorable treatment and unfair scrutiny compared to similarly situated coworkers.

27. After Ms. Cubbage's departure, Plaintiff's immediate supervisor was Heather McNeil.

28. In a meeting with Ms. McNeil in or around March 2021, Ms. McNeil told Plaintiff that his performance was satisfactory, and that he could be removed from the PIP.

29. On or around June 2021 Plaintiff submitted a third written complaint to the Human Resources Office regarding Manager Kim Harshman (White/Caucasian) and his belief that was being subjected to unlawful harassment, discrimination, and retaliation.

30. Plaintiff's third complaint was based in part on his belief that he was being subjected to less favorable treatment and unfair scrutiny compared to similarly situated coworkers.

31. On or about July 19, 2021, Defendants terminated Plaintiff's employment for alleged performance deficiencies.

32. On or around September 15, 2021, Plaintiff filed an administrative charge (Charge No. 438-2021-01278) alleging discrimination based on race and retaliation.

33. No more than 90 days have passed since Plaintiff received the Notice of Right to Sue for the above-referenced administrative charge.

## FIRST CAUSE OF ACTION
### Title VII-Discrimination Based on Race and/or National Origin

34. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

35. Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of his race and/or ancestry, including but not limited to, heightened scrutiny, constant criticism and subjecting him to unfavorable working conditions compared to similarly situated coworkers who engaged in the same or similar conduct.

36. Defendants maintained and implemented unlawful discriminatory practices

- 4 -

and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on African-American employees, including Plaintiff.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, nervousness, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

38. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Title VII-Retaliation

39. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

40. During the course of Plaintiff's employment with Defendants, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because he complained about unlawful harassment, discrimination, and retaliation.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

42. The unlawful employment practices described herein were willful, wanton,

malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### §1981-Discrimination Based on Race and/or Ancestry

43. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

44. Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of his race and/or ancestry, including but not limited to, heightened scrutiny, constant criticism and subjecting him to unfavorable working conditions compared to similarly situated coworkers who engaged in the same or similar conduct.

45. Defendants maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on African-American employees, including Plaintiff.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, nervousness, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

47. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### §1981-Retaliation

48. Plaintiff incorporates by reference the preceding paragraphs of the

Complaint as if specifically set forth herein.

49. During the course of Plaintiff's employment with Defendants, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because he complained about unlawful harassment, discrimination, and retaliation.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

51. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

- A. Award Plaintiff back pay, front pay, and any other available compensatory damages, as may be determined at trial;
- B. Award Plaintiff general damages for him emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;
- C. Award Plaintiff punitive damages as may be determined at trial;
- D. Order Defendants to pay reasonable attorney's fees and costs;
- E. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;
- F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

G.     Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully submitted this 13th day of April 2022.

                              Hernandez Law Firm, PLC

                        By:  /s/ Isaac P. Hernandez
                            Isaac P. Hernandez
                            Attorney for Plaintiff

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933